UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN HAWKINS | CIVIL ACTION |
| VERSUS | NO. 13-256 |
| MARLIN GUSMAN, SHERIFF, ET AL. | SECTION "C"(3) |

### PARTIAL REPORT AND RECOMMENDATION

Plaintiff, John Hawkins, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman, "Lt. Ross," Deputy G. Golden, Cynthia Park, and an unidentified (and therefore unserved) warden at the Elayn Hunt Correctional Center "Reception and Diagnostic Center." In his lawsuit, plaintiff alleges that his leg was injured when he fell while incarcerated within the Orleans Parish Prison system. He claims that he was denied adequate medical care for his injury both while in Orleans Parish and also when he was subsequently transferred to the Elyan Hunt Correctional Center.

Defendant Park has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff was ordered to file a memorandum in opposition to that motion on or before April 24, 2013.[2] When no such opposition was filed, the Court, acting *sua sponte*, entered an Order extending that deadline to May 31, 2013, and expressly warning plaintiff that the motion would be deemed unopposed if no

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 12.

...

opposition was filed by that new deadline.[3] Again, no opposition was filed. In light of that fact, and for the following reasons, it is recommended that defendant Park's motion be granted.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d at 205 (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

---

[3] Rec. Doc. 13.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 556 U.S. at 678 (citations and quotation marks omitted).

In her motion, Park argues that no claim has been stated against her because there are no factual allegations whatsoever made against her in the complaint. She is correct. It is clear that "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Where, as here, a plaintiff has made no factual allegations whatsoever against a defendant in the complaint, no individual-capacity claim has been stated against that defendant. See, e.g., Guidroz v. Webre, Civ. Action No. 12-2432, 2012 WL 6569940, at *1 (E.D. La. Dec. 17, 2012) (Shushan, M.J.), adopted, 2013 WL 121675 (E.D. La. Jan. 9, 2013) (Berrigan, J.); King v. Goebel, Civ. Action No. 10-2708, 2012 WL 6482783, at *2 (E.D. La. Dec. 13, 2012) (Lemmon, J.).[4]

---

[4] Out of an abundance of caution, the Court notes that there is no indication in the complaint that Park was being named as a defendant in her official capacity. However, if the complaint is construed in that manner, the claim against her must still be dismissed. Park, as a member of the medical staff at the Elyan Hunt Correctional Center, is an employee of the Louisiana Department of Public Safety and Corrections. Because a claim against a state employee in her official capacity for monetary damages is actually a claim against the state itself, such a claim against Park would be barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the unopposed motion to dismiss filed by Cynthia Park, Rec. Doc. 10, be **GRANTED** and that the claims against her be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this third day of July, 2013.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]   Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.