UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN HAWKINS                                               CIVIL ACTION

VERSUS                                                      NO. 13-256-DEK

MARLIN GUSMAN, SHERIFF, ET AL.

**ORDER AND REASONS**

Plaintiff, John Hawkins, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman, "Lt. Ross," Deputy G. Golden, Cynthia Park, and an unidentified warden at the Elayn Hunt Correctional Center "Reception and Diagnostic Center." In his lawsuit, plaintiff alleged that he and others were stripping floors while incarcerated within the Orleans Parish Prison system. At one point, plaintiff slipped in an area which, unbeknownst to him, was wet from the stripping solution. He was injured in his fall, and he alleges that he was denied adequate medical care both while in Orleans Parish and also when he was subsequently transferred to the Elayn Hunt Correctional Center.

On July 26, 2013, plaintiff's claims against Park were dismissed.[1] Defendants Gusman, Ross, and Golden have now moved for summary judgment with respect to the claims asserted against

---

[1] Rec. Doc. 15.

them.[2]  Plaintiff opposes that motion.[3]  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[4]

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."  Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).  The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which

---

[2]   Rec. Doc. 33.

[3]   Rec. Doc. 35.

[4]   Rec. Doc. 20.

the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

The defendants first argue that plaintiff has failed to state proper official-capacity claims against them. For the following reasons, they are clearly correct.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, official-capacity claims against Gusman, Ross, and Golden would in reality be claims against the local governmental body itself. Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010). However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas,

981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his rights were violated as a result of a policy or custom, much less identify such a policy or custom. For that reason, it is clear that he has failed to state proper official-capacity claims against Gusman, Ross, and Golden.

The defendants next argue that plaintiff has also failed to state proper individual-capacity claims against them. Again, they are correct.

"Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

With respect to Sheriff Gusman, plaintiff has made no factual allegations whatsoever against that defendant. Rather, in his opposition to the defendants' motion, plaintiff indicates that he sued Sheriff Gusman simply because he is the supervisory official who runs the jail. However, it is beyond cavil that a supervisory official may not be held liable pursuant to § 1983 under any theory

4

of strict liability[5] or vicarious liability[6] for federal civil rights violations allegedly committed by his subordinates.

With respect to defendants Ross and Golden, plaintiff did make allegations against them in his complaint. Specifically, he alleged that Ross and Golden were supervising the inmates who were stripping the floors. Plaintiff also alleged that, after his fall, he asked Ross and Golden to call an ambulance. Golden then called the warden, who instructed him not to call an ambulance because she did not want the paramedics to also slip on the floors. The warden instead instructed Golden to call the jail nurse, which he did. The nurse immobilized plaintiff's injured leg, and he was then taken to the hospital in a prison van.

To the extent that plaintiff is asserting claims against Ross and Golden arising from the slip and fall, that type of claim simply is not actionable under 42 U.S.C. § 1983.[7] That statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

---

[5] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[6] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

[7] The court had previously assumed based on plaintiff's complaint that he was asserting claims for inadequate medical care. However, from plaintiff's opposition to the defendants' motion, he appears to be indicating that he is suing Ross and Golden for the slip and fall. See Rec. Doc. 35.

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  Therefore, as the United States Fifth Circuit Court of Appeals has explained:

There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of *rights, privileges, or immunities secured by the Constitution or laws of the United States.*

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984) (emphasis added).

That second element is clearly lacking with respect to any claims concerning plaintiff's slip and fall, because such claims are grounded in state tort law, not federal constitutional law as required for a proper § 1983 claim.  See, e.g., Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Coleman v. Sweetin, No. 12-40012, 2014 WL 958275, at *5 (5th Cir. Mar. 12, 2014) ("[T]he lower court essentially held that prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law.  We agree with this conclusion. ... Other federal courts, including district courts in this circuit, have frequently rejected constitutional claims arising from slip and fall accidents."); Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (noting that "slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983").  Accordingly, the defendants are entitled to judgment as a matter of law with respect to any claims arising from the slip and fall itself.

To the extent that plaintiff is asserting claims against Ross and Golden for inadequate medical care,[8] those claims fare no better. It is clear that an inmate's constitutional right to medical care is violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). Regarding the "deliberate indifference" requirement, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Here, plaintiff cannot show that Ross and Golden acted with deliberate indifference. Their only involvement in plaintiff's medical care was their effort to get him medical attention after his fall. Far from ignoring his need for assistance or denying him medical care on that occasion, they

---

[8] In his response to the defendants' motion, plaintiff appears to disclaim any intention to assert inadequate medical care claims against Ross and Golden. See Rec. Doc. 35, p. 2. However, out of an abundance of caution, the Court notes that, for the reasons herein, any such claims must be dismissed even if plaintiff's complaint is construed as asserting them.

secured him medical attention almost immediately. In his complaint, plaintiff alleged that he fell at approximately 9:00 p.m. He requested that an ambulance be called, and Golden telephoned the warden for instructions within five minutes. The warden directed Golden to call the jail nurse. At approximately 9:15 p.m., the nurse arrived on the scene, immobilized plaintiff's injured leg, and he was taken to the hospital in a prison van at 9:30, a mere thirty minutes after his fall. In his response to the defendants' motion, plaintiff complains about the fact that he was taken to the hospital in the van rather than by ambulance. However, he does not allege, much less point to evidence which establishes, that either Ross or Golden made that decision. On the contrary, based on his allegations, it appears that decision was made by the warden and the nurse, neither of whom is a defendant in this action. Further, in any event, plaintiff had no constitutional right to be transported by ambulance for treatment of an injured leg.

In summary, the only obligation of Ross and Golden with respect to plaintiff's medical care was to obtain the initial medical attention. They clearly fulfilled that obligation and did so in a timely manner. Because plaintiff cannot show that they acted with deliberate indifference, which is an element essential of his claims and on which he bears the burden of proof, any claims against Ross and Golden for inadequate medical care must be dismissed.[9]

Lastly, as noted, plaintiff also listed an unidentified warden at the Elayn Hunt Correctional Center "Reception and Diagnostic Center" as a defendant on his original complaint. Plaintiff has

---

[9] Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

never properly identified that person, and, as a result, that defendant has never been served. Nevertheless, any claim against that individual must be dismissed under this Court's screening authority because plaintiff has failed to state a claim upon which relief may be granted.[10] A complaint fails to state a claim upon which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). Here, plaintiff made no factual allegations whatsoever against the unidentified warden at the Elayn Hunt Correctional Center "Reception and Diagnostic Center" in the complaint. As a result, no individual-

---

[10] Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(b)(i). Similarly, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law also provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted ...." 28 U.S.C. § 1915(e)(2)(B)(ii).

capacity claim has been stated against that defendant. See, e.g., Guidroz v. Webre, Civ. Action No. 12-2432, 2012 WL 6569940, at *1 (E.D. La. Dec. 17, 2012), adopted, 2013 WL 121675 (E.D. La. Jan. 9, 2013); King v. Goebel, Civ. Action No. 10-2708, 2012 WL 6482783, at *2 (E.D. La. Dec. 13, 2012).[11]

Accordingly,

**IT IS ORDERED** that the motion for summary judgment filed by Orleans Parish Sheriff Marlin Gusman, "Lt. Ross," and Deputy G. Golden, Rec. Doc. 33, is **GRANTED** and that the claims against those defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the claims against the unidentified warden at the Elayn Hunt Correctional Center "Reception and Diagnostic Center" is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

New Orleans, Louisiana, this twenty-eighth day of March, 2014.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Out of an abundance of caution, the Court notes that there is no indication in the complaint that the unidentified warden was being named as a defendant in his or her official capacity. However, even if the complaint were construed in that manner, the claim must still be dismissed. The officials at the Elayn Hunt Correctional Center are employees of the Louisiana Department of Public Safety and Corrections.  Because a claim against a state employee in his or her official capacity for monetary damages is actually a claim against the state itself, such a claim would be barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008).